UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE LYNN JACQUEZ<br>Plaintiff<br>v.<br>NANCY A. BERRYHILL[1], Acting Commissioner of Social Security,<br>Defendant. | Case No. 5:16-cv-02239-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

# I. PROCEDURAL HISTORY

Plaintiff Valerie Lynn Jacquez ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of her application for Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 10, 12] and briefs addressing disputed issues in the case [Dkt. 17 ("Pltf.'s Br.") and Dkt. 18 ("Def.'s Br.").] The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court finds that this matter should be remanded for further proceedings.

# II. ADMINISTRATIVE DECISION UNDER REVIEW

On April 29, 2013, Plaintiff filed an application for SSI. [Dkt. 15, Administrative Record ("AR") 9, 121-126.] The Commissioner denied her initial claim for benefits on August 20, 2013, and upon reconsideration on February 24, 2014. [AR 9, 40-50, 53-65.] On June 3, 2015, a hearing was held before

Administrative Law Judge ("ALJ") Dante M. Alegre. [AR 24-39.] On August 5, 2015, the ALJ issued a decision denying Plaintiff's request for benefits. [AR 9-23.] Plaintiff requested review from the Appeals Council, which denied review on September 7, 2016. [AR 1-5.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 416.920(b)-(g)(1). At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since April 29, 2013, the alleged onset date. [AR 11.] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: bipolar disorder; psychotic disorder; and post-traumatic stress disorder. [*Id.* (citing 20 C.F.R. § 416.920(c)).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 13 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 416.920(d), 416.925, and 416.926).]

The ALJ found that Plaintiff had the following residual functional capacity (RFC):

> [C]laimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: unskilled work with occasional public contact.

[AR 15.] Applying this RFC, the ALJ found that Plaintiff had no past relevant work, but determined that based on her age (37 years old), high school education, and ability to communicate in English, she could perform representative occupations such as cleaner (Dictionary of Occupational Titles ("DOT") 381.687-018), hand packager (DOT 920.587-018), and packing machine operator (DOT 920.685-078) and, thus, is not disabled. [AR 18-19.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence;

and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

## IV. DISCUSSION

Plaintiff contends that the ALJ erred by failing to articulate valid reasons for assigning "little weight" to the opinion of Plaintiff's treating physician, Jeremiah Umakanthan, M.D. [Pltf.'s Br. at 2-5.] The Court agrees.

"The medical opinion of a [Plaintiff's] treating physician is given controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the Plaintiff's] case record." *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (internal quotation omitted). "When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician." *Id.*

"To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (alteration in original) (internal quotation omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *see also Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("[The] reasons for rejecting a treating doctor's credible opinion on disability are comparable to those

3

required for rejecting a treating doctor's medical opinion."). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation omitted).

On April 28, 2015, Plaintiff's treating physician, Dr. Umakanthan, wrote a letter indicating that Plaintiff had been diagnosed with bipolar disorder, psychotic disorder, and posttraumatic stress disorder. [AR 342.] Dr. Umakanthan reported that these disorders manifest themselves in "depression, visual and auditory hallucinations, paranoia, mania, nightmares, and black outs." [*Id.*] Dr. Umakanthan opined that Plaintiff's "condition causes a lack of motivation and causes her to isolate and at this time [she] is unable to work." [*Id.*]

The ALJ provided only one reason for assigning less weight to Dr. Umakanthan's opinion: "the evidence of the record…does not support such an extreme statement." [AR 17.] However, this reason was an inadequate basis for rejecting Umakanthan's opinion because it fails to reach the level of specificity required for rejecting a treating source opinion. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required . . . The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.") (footnote omitted). While the ALJ summarized the objective findings in his decision, the ALJ failed to specifically explain how they conflicted with Dr. Umakanthan's assessment of Plaintiff's mental impairments. *Id.*

Second, the ALJ stated that he assigned "great weight" to the opinions of the State agency medical consultants who found that Plaintiff was capable of simple, routine tasks in a setting ranging from no work involving extensive interactions with

the public to work in a nonpublic setting and "some weight" to the psychiatric consultative examiner who found Plaintiff to have no mental limitations. [AR 16-17.] Although Dr. Umakanthan's opinion was contradicted by these doctors, the ALJ could not reject Dr. Umakanthan's opinion without providing specific, legitimate reasons supported by substantial evidence in the record. *See Valentine v. Commissioner*, 574 F.3d 685, 692 (9th Cir. 2009) ("to reject the opinion of a treating physician 'in favor of a conflicting opinion of an examining physician[,]' an ALJ still must 'make[ ] findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record'") (quoting *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). Thus, the ALJ's mere references to the contrary findings of the examining and non-examining doctors did not justify rejection of Dr. Umakanthan's opinion.

In response, the Commissioner suggests that the ALJ properly rejected Dr. Umakanthan's opinion because: (1) it was a "conclusion about disability" rather than a "medical opinion;" (2) treatment records in April and May 2015 do not support Dr. Umakanthan's opinion; and (3) to the extent Dr. Umakanthan relied on self-reports from Plaintiff those statements are not credible. [Def.'s Br. at 2-8.] The ALJ, however, did not rely on these reasons to discredit Dr. Umakanthan's opinion. The ALJ's decision cannot be affirmed based on the Commissioner's post hoc rationalizations. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require [the Court] to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."); *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency"). Accordingly, the Court finds that the ALJ rejected the opinion of Dr. Umakanthan without setting forth the required specific and legitimate reasons. This

was error, and the Court cannot say that it was harmless. Remand is warranted.

## V. CONCLUSION

When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 874 F.3d 1130, 1132 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Commissioner*, 775 F.3d 1090, 1099 (9th Cir. 2014). But the Court does have discretion to make a direct award of benefits under the "credit-as-true" rule, which asks whether: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Each part of this three-part standard must be satisfied for the Court to remand for an award of benefits, *id.*, and it is only the "unusual case" that meets this standard, *Benecke*, 379 F.3d at 595. *See, e.g.*, *Treichler*, 775 F.3d at 1105 ("[A] reviewing court is not required to credit claimants' allegations regarding the extent of their impairments as true merely because the ALJ made a legal error in discrediting their testimony."). Moreover, if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled," a court must remand for further proceedings "even though all conditions of the credit-as-true rule are satisfied." *Garrison*, 759 F.3d at 1021; *see also Leon*, 874 F.3d at 1133 ("an award under [the credit-as-true] rule is a rare exception, and the rule was intended to deter ALJs from providing boilerplate rejections without analysis"); *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (as amended) ("The touchstone for an award of benefits is the existence of a disability, not the agency's legal error.").

Here, questions as to the extent of Plaintiff's impairments remain unresolved,

given the ALJ's insufficient consideration of Dr. Umakanthan's opinion. Further proceedings would be useful to allow the ALJ to resolve conflicts in the medical evidence, clarify his assessment of Dr. Umakanthan's opinion, and reevaluate Plaintiff's RFC in light of the medical evidence. And despite the ALJ's failure to properly explicate his evaluation of Umakanthan's opinion, the Court, after reviewing the record, believes that this case raises serious doubt as to whether Plaintiff is, in fact, disabled. *See Garrison*, 759 F.3d at 1021. Therefore, remand for further proceedings is required. *See Treichler*, 775 F.3d at 1107; *see also Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003).

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter is REMANDED for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS SO ORDERED.**

DATED: December 28, 2017

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

1. The Court notes that Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 23, 2017. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court orders that the caption be amended to substitute Nancy A. Berryhill for Carolyn W. Colvin as the defendant in this action.